UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV 13-04729-MWF (JCx)　　　　Date: August 3, 2017
Title:　　Steven Fishman -v- Washington-Adduci, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**　　ORDER RE: MOTIONS FOR SANCTIONS, RECONSIDERATION, AND SPEEDY DECISION [141] [142] [146] [147] [153] [154] [155]

　　　　Several motions are currently pending in this action, challenging Plaintiff Steven Fishman's treatment while imprisoned at the Federal Correctional Institution, Terminal Island Medical Center ("Terminal Island"). The two motions of substance are Plaintiff's Motion for Sanctions Against Attorneys (the "Sanctions Motion"), filed April 26, 2017 (Docket No. 141); and Defendants' joint Motion for Reconsideration of the Court's Order Entered on March 31, 2017 (the "Reconsideration Motion"), filed April 28, 2017 (Docket No. 142). Defendants filed an Opposition to the Sanctions Motion on May 25, 2017 (Docket No. 144), to which Plaintiff did not reply. Plaintiff filed an Opposition to the Reconsideration Motion on June 7, 2017 (Docket No. 145), and Defendants filed their Reply on June 16, 2017 (Docket No. 149).

　　　　Also pending are several motions, petitions, and a writ, all filed by Plaintiff while the Sanctions Motion and Reconsideration Motion were under submission by the Court. On June 5, 2017, Plaintiff filed a Petition for Declaratory Judgment under 28 U.S.C. § 2201 (the "Declaratory Judgment Petition" (Docket No. 147), and a Motion for Speedy Hearing on the Declaratory Judgment Petition (the "Speedy Hearing Motion" (Docket No. 146)). On July 10, 2017, Plaintiff filed a Writ of Praecipe to the Clerk of Court Requesting Docketing and Scheduling of Plaintiff's Motion for Speedy Hearing on his Declaratory Judgment Petition (the "Writ" (Docket No. 153)), and a Motion for 60 Days to Prepare and File an Objection to Defendants' Ex Parte
---

**CIVIL MINUTES—GENERAL**　　　　　　　　　　　　　　　1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-04729-MWF (JCx)           Date:  August 3, 2017
Title:    Steven Fishman -v- Washington-Adduci, et al.

Application to Submit Supplemental Briefing in Light of New Supreme Court Authority (the "60 Day Motion" (Docket No. 154)).  On July 31, 2017, Plaintiff filed a Second Petition and Demand for Declaratory Judgment with Regard to Questions of Law Pursuant to 28 U.S.C. § 2201, with Regard to Plaintiff's Right to Seek Remedy and Relief under 42 U.S.C. § 1983, *et seq.* (the "Second Petition").  (Docket No. 155).

The Court has read and considered the papers filed and deems the matters appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The Court rules on the various requests for relief as follows:

- The Sanctions Motion is **DENIED** because the Department of Justice's decision whether to represent a federal employee is a matter of absolute discretion;

- The Reconsideration Motion is **GRANTED** because new material facts, not previously available to Defendants, have come to light that affect the prior ruling, and because the judgment in the FTCA action bars the remaining claims; and

- The Declaratory Judgment Petition, Speedy Hearing Motion, Writ, the 60 Day Motion, and the Second Petition are all **DENIED** *as moot*.

## I.   BACKGROUND

The factual background is set forth in the Report and Recommendation submitted to the Court on September 27, 2016 (Docket No. 127), which the Court adopted in full on March 29, 2017 (the "Underlying Order" (Docket No. 139)).  The Court summarizes the pertinent factual background from the Report and Recommendation below.

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-04729-MWF (JCx)                Date:  August 3, 2017
Title:    Steven Fishman -v- Washington-Adduci, et al.

A.  **Factual Background**

Plaintiff is a prisoner at Terminal Island who is proceeding in *pro se*. (R. & R. at 1). On December 15, 2009, Plaintiff was transferred to Terminal Island to begin serving a 22- year sentence on a conviction for conspiracy. (*Id.* at 4). Washington-Adduci was Terminal Island's warden at that time, and in that capacity she had final authority for administrative and operational decisions. (*Id.*). Scarantino was the Associate Warden, and in that capacity served as a deputy to Washington-Adduci and supervised the administration of several departments at Terminal Island. (*Id.* at 5). Cottrell was a Captain, who supervised the Correctional Services Department and "was responsible for formulating, implementing, and enforcing policies relating to the safety and security of the institution." (*Id.*). Plaintiff alleged that during an Admissions and Orientation speech given when Plaintiff first arrived at Terminal Island, Cottrell warned him and the other new prisoners that the Solitary Housing Unit ("SHU") was maintained with "extremely brutal conditions and intolerable temperatures" to deter misconduct by "troublemaker[s]." (*Id.*).

Plaintiff also named Special Investigation Services Lieutenant Ulysses Logeman, and Custody Officers Juan Guerrero, Francisco Ortega, and Jovan Green in his Complaint. (R. & R. at 2). The Magistrate Judge recommended granting the motion for summary judgment as to Scarantino and Logeman, and denying the motion as to the remaining defendants. (*Id.* at 3). The Court accepted the Magistrate Judge's recommendation. (Underlying Order at 7–8).

Plaintiff alleges that between March 2010 and January 2011, he was repeatedly physically assaulted, and from February 2011 to May 2011 repeatedly sexually assaulted, by a fellow prisoner. (R. & R. at 7–8). In May 2011, the other prisoner was transferred to the SHU, and remained there until he was transferred to another correctional institution on about July 7, 2011. (*Id.* at 8).

On about June 7, 2011, Plaintiff alleges that he reported the attacks to Lieutenant Logeman. (R. & R. at 8–9). Logeman interviewed Plaintiff and obtained a brief affidavit from him about the attacks. (*Id.* at 9). Logeman then referred the matter to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-04729-MWF (JCx)			Date:  August 3, 2017
Title:	Steven Fishman *-v-* Washington-Adduci, et al.

Dr. Evelyn Castro, who among other things performed a sexual assault medical examination of Plaintiff. (*Id.*). Plaintiff then began to see Dr. Leslie E. Charles, the staff psychologist, for individual counseling. (*Id.*).

Plaintiff alleges that on about June 25, 2011, he wrote to an attorney about the attacks, seeking legal counsel. (R. & R. at 9). That attorney, in turn, sent a letter — what the Report and Recommendation terms the "June 25 Letter" — to Defendant Washington-Adduci and the BOP Director in Washington, D.C. (*Id.*). Allegedly, the letter asked that the officials "intervene and correct [the problem]" on Plaintiff's behalf. (*Id.*). The Report and Recommendation went on to explain that, at his deposition, Plaintiff "testified that he had not told the attorney what to write, and that [P]laintiff had no idea who the attorney was going to write to or what he was going to write" but rather his letter to the attorney simply explained that he had been raped, abused, was in fear of the other prisoner, and simply wanted the attorney to know about it. (*Id.* at 9–10) (internal quotation marks and alterations omitted).

Plaintiff initially failed to name or otherwise to identify the attorney he claimed to have contacted in the pleadings. During his deposition, Plaintiff identified the attorney as Stanley Feingold, but referred to Mr. Feingold as the attorney for Dr. Vogel, his cellmate in SHU, throughout the deposition. (Docket Nos. 113–14, Ex. K at 112:12–113:3). On June 30, 2015, Plaintiff corrected the transcript, but failed to provide any contact information for Mr. Feingold, including his address or city. (Docket No. 137-1, Ex. L at 28–29).

On July 5, 2011, Plaintiff was transferred to administrative detention in the SHU. (R. & R. at 10). Plaintiff was returned to the general population at Terminal Island on July 8, 2011. (*Id.*). The Report and Recommendation describes an administrative detention order (the "Detention Order"), dated July 5, 2011, which traces Plaintiff's detention to a pending investigation and hearing on a violation of BOP regulations. (*Id.*). Specifically, the Detention Order stated that Plaintiff's "continued presence in the general population pose[d] a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution . . . ."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-04729-MWF (JCx)                Date:  August 3, 2017
Title:    Steven Fishman -v- Washington-Adduci, et al.

(*Id.*).  Defendants contend that Plaintiff was placed in the SHU "for his own safety" to protect him during the course of the investigation into the attacks.  (*Id.* at 11).

Plaintiff alleges that the real reason he was placed in the SHU was that Washington-Adduci and Cottrell had ordered him placed there in retaliation for his decision to communicate with an outside attorney about the attacks.  (*Id.* at 10–11).  Plaintiff alleges that in late July he attempted to address the issue of the attacks with Logeman at least twice more, but Logeman only told him that Cottrell and Washington-Adduci wanted to make the issue go away.  (*Id.* at 12–13).  On July 27, 2011, Plaintiff recalls Washington-Adduci "launching into a tirade" and threatening to "throw[] into the SHU" any inmate who complained to his attorney or the BOP director about their conditions of confinement at Terminal Island.  (*Id.* at 13).

Plaintiff further alleges that while he was being held in the SHU, he was subjected to air so hot that at times Plaintiff had trouble breathing, an absence of cold, drinkable water, and a toilet that would not flush.  (R. & R. at 12–16).  Despite Plaintiff's complaints, Washington-Adduci and Cottrell refused to release Plaintiff from the SHU, or assign him to a different, more habitable, cell.  (*Id.*).

### B. Prior Procedural History

On October 10, 2013, Plaintiff filed the operative First Amended Complaint ("FAC" (Docket No. 16)), claiming under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), claiming that prison officials retaliated against him and subjected him to unconstitutional conditions of confinement because an attorney complained on his behalf about Plaintiff's sexual assault by another prisoner.  (*Id.* at 1–2; *see generally*, FAC).

The First Amended Complaint included claims against seven defendants:

(1) a First Amendment retaliation and related conspiracy claims against Warden Arcola Washington-Adduci, Associate Warden Thomas Scarantino, Correctional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 13-04729-MWF (JCx)	Date: August 3, 2017
Title:	Steven Fishman -v- Washington-Adduci, et al.

Services Department Supervisor Captain Everett Cottrell, and Special Investigation Services ("SIS") Lieutenant Ulysses Logeman;

(2) an Eighth Amendment inhumane conditions of confinement claim against Washington-Adduci, Cottrell, and Custody Officers Juan Guerrero, Francisco Ortega, Jovan Green; and

(3) an Eighth Amendment conspiracy claim against Washington-Adduci and Cottrell. (FAC ¶¶ 8-15, 66-69).

On November 9, 2015, Defendants filed a Motion for Summary Judgment (the "Summary Judgment Motion"). (Docket No. 113). Plaintiff filed his Opposition on January 12, 2016 (Docket No. 117), and Defendants filed their Reply on March 25, 2016 (Docket No. 122). The Magistrate Judge considered the papers filed on the Summary Judgment Motion, and on September 27, 2016, filed her Report and Recommendation. The Magistrate Judge recommended granting the Summary Judgment motion as to Scarantino and Logeman, and denying it as to the remaining defendants. (R. & R. at 3).

On January 24, 2017, the five remaining Defendants filed their Objections to the Report and Recommendation. (Docket No. 137). Plaintiff filed an Opposition to the Objections on February 6, 2017. (Docket No. 138). The Report and Recommendation was then forwarded to the Court on March 22, 2017, and on March 29, 2017, the Court addressed the Objections before adopting the Report and Recommendation in full. (*See generally* Underlying Order).

### C. Subsequently Discovered Facts

In addition to the *Bivens* claims at issue in this action, Plaintiff filed a separate action on January 24, 2014, alleging violations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq. See Fishman v. United States*, No. CV 14-222 MWF (JCx) ("FTCA Action") (Docket No. 10). The FTCA Action alleged a different theory of liability against the United States, arising out of the same set of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 13-04729-MWF (JCx)     Date: August 3, 2017
Title:     Steven Fishman -v- Washington-Adduci, et al.

events described above. On February 7, 2017, Magistrate Judge Chooljian filed her Report and Recommendation in the FTCA Action. (FTCA Action, Docket No. 71). On March 16, 2017, the Court adopted the Report and Recommendation in full, granting summary judgment for the United States. (FTCA Action, Docket No. 72).

Additionally, Defendants now claim to have uncovered additional, material facts, after the Court's adoption of the Report and Recommendation. On June 8, 2016, Plaintiff was deposed by Defendants in the FTCA Action. (*See* Recons. Mot., Ex. 2). In this deposition, Plaintiff for the first time revealed that Stanley Feingold, the attorney he claims to have contacted regarding his assaults at Terminal Island, was located in Glen Ellen, California. (*Id.*, Ex. 2 at 90:23–91:3).

Defendants were finally able to reach Feingold for the first time on April 6, 2017. (Declaration of Tim Laske ("Laske Decl.") ¶ 2 (Docket No. 142-2)). Feingold did not recognize Plaintiff's name, but asked for some time to review his client files to verify his recollection. (*Id.* ¶¶ 3–4). On April 21, 2017, Feingold signed and faxed a declaration to Defendants' counsel, confirming that he never received any correspondence from, or related to, Plaintiff, and does not recall Plaintiff's name. (Declaration of Stanley A. Feingold ("Feingold Decl.") ¶¶ 5–7). Feingold affirmatively averred that he "did not send any letters to [Plaintiff] or on his behalf to anyone at the Federal Bureau of Prisons, including but not limited to Warden Washington-Adduci and the Director of the Federal Bureau of Prisons." (*Id.* ¶ 7). Indeed, Feingold no longer practices law, and was working full time on his farm in 2010 and 2011, during the time period at issue in this action. (*Id.* ¶ 6).

II.    **SANCTIONS MOTION**

On April 26, 2017, Plaintiff filed his Sanctions Motion. (Docket No. 141). Plaintiff requests that the Court award Plaintiff punitive damages because, in his view, Defendants have failed to show that they have complied with the requirements of 28 C.F.R. §§ 50.15–.16 to obtain legal representation "at public expense . . . ." (Sanctions Mot. at 5). In response, counsel for Defendants has submitted a declaration stating that on March 5, 2014, the Department of Justice authorized the United States Attorney's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-04729-MWF (JCx)              Date:  August 3, 2017
Title:       Steven Fishman -v- Washington-Adduci, et al.

Office to represent Defendants under 28 C.F.R. § 50.15.  (Declaration of Tim L. Laske in Support of Opp. to Sanctions Mot. ¶ 2 (Docket No. 144-1)).

Neither §50.15 nor § 50.16 sets forth a requirement that the Government prove to the opposing party that the proper procedures were followed when deciding to represent a federal employee.  As the Supreme Court has explained, "under [5 U.S.C.] § 701(a)(2) agency action is not subject to judicial review 'to the extent that' such action 'is committed to agency discretion by law.'"  *Lincoln v. Vigil*, 508 U.S. 182, 190–91 (1993) (quoting 5 U.S.C. § 701(a)(2)).  Where a statute is drawn "so that a court would have no meaningful standard against which to judge the agency's exercise of discretion . . . the statute ('law') can be taken to have 'committed' the decisionmaking to the agency's judgment absolutely.'"  *Id.* at 191 (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)).  The Department of Justice's decision whether to represent a federal employee is a matter of absolute discretion.  *See also, e.g.*, *Turner v. Schultz*, 187 F. Supp. 2d 1288, 1294 (D. Colo. 2002) (stating Department of Justice has absolute discretion regarding whether to provide representation pursuant to 28 C.F.R. § 50.15); *Payne v. Elie*, No. CIV 11–486–TUC–CKJ, 2012 WL 748285, *1 (D. Ariz. Mar. 7, 2012) ("The DOJ has unreviewable authority to decide whether to represent a federal employee.").

Accordingly, the Sanctions Motion is **DENIED.**

## III.    RECONSIDERATION MOTION

A motion for reconsideration, including a motion under Rule 59(e), "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-04729-MWF (JCx)                Date:  August 3, 2017
Title:    Steven Fishman -v- Washington-Adduci, et al.

Accordingly, the Local Rules of this District permit litigants to file motions for reconsideration only upon a showing of one of the following grounds:

> **(a)** a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
>
> **(b)** the emergence of new material facts or a change of law occurring after the time of such decision, or
>
> **(c)** a manifest showing of a failure to consider material facts presented to the Court before such decision.

Local Rule 7-18.  Defendants, as movants, bear the burden of proving that reconsideration is proper.  *See 389 Orange St.*, 179 F.3d at 665 (noting that it was the movant's burden "to establish that the district court committed clear error").

### A.     **Stanley Feingold's Declaration**

Defendants contend that Stanley Feingold's Declaration is a new material fact under Local Rule 7-18(b) that emerged after the Underlying Order was filed, which precludes any conclusion that there remains a triable issue of fact as to Plaintiff's First Amendment retaliation and related conspiracy claims.  (Recons. Mot. at 4–7).

As the Court previously affirmed, to state a claim for retaliation under the First Amendment, Plaintiff must show that (1) he engaged in conduct that is protected under the First Amendment; (2) a prison official took 'adverse action' against him; (3) Plaintiff's protected conduct was the "substantial or motivating factor" for Defendants' adverse action; (4) the adverse action "would chill or silence a person of ordinary firmness from future First Amendment activities"; and (5) the retaliatory action "did not advance legitimate goals of the correctional institution . . . ." *Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012) (citations and internal quotation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 13-04729-MWF (JCx)                Date: August 3, 2017
Title:     Steven Fishman -v- Washington-Adduci, et al.

marks omitted); *see also* (R. & R. at 21 (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)) (addressing First Amendment retaliation claim in summary judgment context)). After considering the arguments set forth by Plaintiff and Defendants, the Court concludes that, taking into account the newly emerged Feingold Declaration, Plaintiff is unable to show that there is a genuine issue of material fact that he engaged in protected conduct.

The Report and Recommendation and Underlying Order determined that seeking help from an attorney regarding physical and sexual assault in prison constitutes protected conduct, and a reasonable jury could concluded from Plaintiff's testimony that Plaintiff in fact contacted an attorney who sent a letter on his behalf. (R. & R. at 23). But Plaintiff admitted in his deposition that he does not currently have, and indeed never saw, the letter he claims Stanley Feingold wrote to Washington-Adduci and the former BOP Director on his behalf. (*See, e.g.*, Docket No. 113-4, Ex. K at 112:12–113:21). And the Feingold Declaration is corroborated by the Declaration of Defendant Washington-Adduci, stating that she had never received any letter regarding Plaintiff's "sensitive grievance." (Docket No. 113-13 ¶¶ 4, 6).

Plaintiff's speculation about what Feingold may have done on his behalf is directly contradicted by Feingold's newly surfaced, sworn declaration that he never wrote any letter on Plaintiff's behalf, and indeed has not practiced law since 2002. (*See generally* Feingold Decl.). In light of the Feingold Declaration, Plaintiff's speculation regarding Feingold's actions cannot give rise to a reasonable inference that Feingold sent a letter on Plaintiff's behalf, pursuant to which Defendants retaliated against him. *See, e.g.*, *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (refusing "to find a 'genuine issue' where the only evidence presented [on summary judgment] is 'uncorroborated and self-serving' testimony") (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)); *id.* (citing *Johnson v. Washington Metro. Transit Auth.*, 883 F.2d 125,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-04729-MWF (JCx)                Date:  August 3, 2017
Title:    Steven Fishman -v- Washington-Adduci, et al.

128 (D.C. Cir. 1989) (discussing cases in which self-serving testimony uncorroborated by other evidence did not create a genuine issue of material fact)).

Plaintiff objects to the Court's consideration of the Feingold Declaration because Plaintiff did not, and still does not, intend to call Feingold as a witness. (Opp. to Recons. Mot. at 2–3). Rather, Plaintiff intends to call his cellmate, Dr. Howard Vogel, who purportedly communicated with Feingold on Plaintiff's behalf. (*Id.*). Plaintiff argues that Feingold's Declaration is therefore hearsay. Plaintiff misunderstands the rule against hearsay, which prohibits only testimony regarding out-of-court statements offered for their truth. *See, e.g.*, Wegner, et al., *California Practice Guide—Civil Trials and Evidence*, § 8:1000 (The Rutter Group 2016) (discussing the hearsay rule). Feingold's testimony is regarding what he did — or, to be more precise, what he did not do, which is send a letter on Plaintiff's behalf — rather than what someone else said. Feingold's testimony is not hearsay.

Moreover, Plaintiff's Declaration in support of his Opposition to the Reconsideration Motion (the "Second Declaration") directly contradicts Plaintiff's earlier Declaration, submitted in opposition to Defendants' previous motion for summary judgment (the "First Declaration"). (*Compare* Declaration of Steven Fishman, dated January 8, 2016 (Docket Nos. 117-1, 117-2) *with* Declaration of Steven Fishman, dated June 5, 2017 (Docket No. 145)). For example, in the First Declaration, Plaintiff states that he contacted Feingold on June 25, 2011 to request that Feingold represent Plaintiff "on a limited basis in writing" regarding the attacks. (First Decl. ¶ 37). Plaintiff further states that he spoke with Feingold on June 27, 2011 "in an unmonitored legal call that was placed by [Plaintiff's] Counselor" and that Feingold informed Plaintiff during that phone call that he had send the letter to Washington-Adduci. (First Decl. ¶ 39). In the Second Declaration, by contrast, Plaintiff avers, "I have **never** spoken or otherwise communicated with or to Stanley Feingold." (Second Decl. ¶ 5) (emphasis in original).

A plaintiff "cannot generate an issue of material fact by providing contradictory statements." *Oliver v. Keller*, 289 F.3d 623, 629 (9th Cir. 2002). Taking the Feingold Declaration into account as newly uncovered facts, the Court concludes that no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-04729-MWF (JCx)                    Date:  August 3, 2017
Title:    Steven Fishman -v- Washington-Adduci, et al.

reasonable jury could find that Plaintiff engaged in protected conduct. Accordingly, the Court **GRANTS** the Reconsideration Motion as to Plaintiff's First Amendment retaliation and related conspiracy claims, and further amends the Underlying Order to **GRANT** summary judgment in favor of Defendants on those claims.

### B.    The FTCA Judgment Bar

Defendants additionally contend that the judgment in the FTCA Action, entered March 16, 2017, is a material difference in fact regarding Plaintiff's Eighth Amendment conditions of confinement and conspiracy claims that should cause the Court to reconsider that portion of the Underlying Order, under Local Rule 7-18(a). (Recons. Mot. at 7–13).

The FTCA contains a limited waiver of sovereign immunity authorizing civil tort suits for money damages against the federal government. *See Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). The FTCA provides that "judgment in an action under [§ 1346(b)] of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. As the Ninth Circuit has explained, the judgment bar "essentially prohibits unsuccessful FTCA plaintiffs from suing again for the same events." *SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*, 859 F.3d 720, 727 (9th Cir. 2017) (discussing *Will v. Hallock*, 546 U.S. 345 (2006)). Defendants contend that the judgment in favor of the United States in the FTCA Action bars further proceedings against the Defendants in this action. (Mot. at 9).

Strictly speaking, this issue need not be raised in a motion for reconsideration, as the Court could enter judgment in Defendants' favor at any time under the bar. Either way, whether the Court considers Defendants' arguments as a request for reconsideration or on their own merits, the Court agrees that Plaintiff's Eighth Amendment conditions of confinement claim and conspiracy claim are barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-04729-MWF (JCx)                Date:  August 3, 2017
Title:     Steven Fishman -v- Washington-Adduci, et al.

Plaintiff's Eighth Amendment and related conspiracy claims in this action arise out of the same set of facts as his claims in the FTCA Action.  In this action, Plaintiff challenged the temperature, water, and sanitation of his cell in the SHU while confined in July 5 through July 8, 2011.  In the FTCA action, Plaintiff challenged the conditions of his confinement during the exact same time period, from July 5–8, 2011.  (FTCA Action, Docket No. 71 at 4).  Plaintiff alleged that while he was in SHU there was "no breathable air and no ventilation," that "[t]he temperature in [his cell] was at least 110 degrees, and oftentimes much higher," that the sink in his cell "had no cold water at all and dispensed hot water that was not drinkable," and that the toilet in his cell did not flush properly.  (*Id.* at 5–6).  The Court granted summary judgment for the United States on Plaintiff's claims under the FTCA because Plaintiff failed to raise a genuine issue of material fact that the conditions of his confinement caused more than a *de minimis* physical injury to Plaintiff, not compensable under the FTCA.  (*Id.* at 23–28) (citing, *inter alia*, *Oliver*, 289 F.3d at 629 (denying FTCA claim where prisoner alleged only *de minimis* physical injuries); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (same)).

In *Gasho v. United States*, 39 F.3d 1420 (9th Cir. 1994), the Ninth Circuit held that "***any*** FTCA judgment, regardless of its outcome, bars a subsequent Bivens action on the same conduct that was at issue in the prior judgment." *Id.* at 1437 (emphasis in original).  The Ninth Circuit noted that while that interpretation of § 2676 might seem harsh, it "serves the interests of judicial economy" by encouraging plaintiffs contemplating both a *Bivens* claim and an FTCA claim "to pursue their claims concurrently in the same action," thus "foster[ing] more efficient settlement of claims, since the evidence and proof in FTCA and *Bivens* claims often overlap." *Id.* at 1438.

Under the broad language of *Gasho*, and in the interests of judicial economy, the Court concludes that the issues remaining in Plaintiff's *Bivens* action must be dismissed because they arise out of the same set of underlying facts as were at issue in the FTCA action.  *See also Simmons v. Himmelreich*, 136 F. Ct. 1843, 1849 (2016) (observing that "once a plaintiff receives a judgment (favorable or not) in an FTCA suit, he [or she] generally cannot proceed with a suit against an individual employee

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-04729-MWF (JCx)              Date:  August 3, 2017
Title:    Steven Fishman -v- Washington-Adduci, et al.

based on the same underlying facts"); *Winnemem Wintu Tribe v. U.S. Dep't of Interior*, 725 F. Supp. 2d 1119, 1150 (E.D. Cal. 2010) (granting motion to dismiss *Bivens* claim arising out of same factual allegations raised in a previously dismissed FTCA claim).

Contrary to Plaintiff's contention, it matters not that the FTCA Action named the United States as a defendant, whereas the Defendants in this action were named in their individual capacities. (Opp. to Recons. Mot. at 6). Whether or not Defendants were *sued* as "employees of the Government" under 28 U.S.C. § 2676, they in fact *are* employees of the Government, and thus the judgment bar applies. Nor does it matter whether the reasons for dismissal of the FTCA claim overlap with issues raised in this action. So long as the underlying factual allegations are the same, the judgment bar applies. *See Winnemem Wintu Tribe*, 725 F. Supp. 2d at 1150 (relying on *Gasho*, 39 F.3d at 1436–38 to reject the plaintiff's contention that dismissal of FTCA claim on jurisdictional grounds precludes application of judgment bar as to *Bivens* claim arising out of same factual background).

Accordingly, the Court **GRANTS** the Reconsideration Motion as to Plaintiff's Eighth Amendment conditions of confinement and related conspiracy claims, and further amends the Underlying Order to **GRANT** summary judgment in favor of Defendants on those claims.

## IV.  REMAINING MOTIONS

The Declaratory Judgment Petition, Speedy Hearing Motion, Writ, and Second Petition are all **DENIED** *as moot* because the Court has now ruled on the pending motions, for which Plaintiff sought a hearing, and because on reconsideration the Court has granted summary judgment for Defendants. The 60 Day Motion is also **DENIED** *as moot* because the Court already denied the underlying ex parte application on July 7, 2017, three days before the 60 Day Motion was filed. (Docket No. 152).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-04729-MWF (JCx)             Date:  August 3, 2017
Title:      Steven Fishman -v- Washington-Adduci, et al.

## V.      CONCLUSION

For the foregoing reasons, the Sanctions Motion is **DENIED**; the Reconsideration Motion is **GRANTED**; and the Declaratory Judgment Petition, Speedy Hearing Motion, Writ, Second Petition, and the 60 Day Motion are all **DENIED** *as moot*.

There being no claims remaining for decision in this action, this Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.